IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SETH THOMPSON,<br>On Behalf of Himself and Others<br>Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>HOME FRONT DFW, LLC; M633ML,<br>LLC; and MICHAEL HAYWORTH,<br>Individually,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.  3:20-CV-00982<br><br><br><br>[JURY TRIAL DEMANDED] |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Seth Thompson ("Thompson") brings this collective action complaint on behalf of himself and others similarly situated to recover unpaid overtime wages and related damages from Home Front DFW, LLC ("Home Front"); M633ML, LLC ("M633ML"); and Michael Hayworth ("Hayworth"), individually (collectively "Defendants"), and would show unto the Court the following:

**I. NATURE OF SUIT**

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers.  29 U.S.C. §§ 206(a) & 207(a).

2.  The overtime requirements of the FLSA serve the purposes of: 1) spreading out employment by placing financial pressure on the employer to hire additional workers rather than employing the same number of workers for longer hours; and 2) compensating employees who work overtime.

3. Defendants violated and continue to violate the FLSA by failing to pay their Field Craftsmen, whom they misclassified as independent contractors, overtime for each hour those individuals worked in excess of 40 hours per work week. Accordingly, Thompson, on behalf of himself and other Field Craftsmen, brings this collective action to recover unpaid overtime compensation under section 216(b) of the FLSA. Thompson also asserts herein his own retaliation claim under section 215(a)(3) of the FLSA.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, and specifically, under the FLSA, 29 U.S.C. § 201, *et seq.*

5. Thompson's claims arise under sections 215(a)(3) and 216(b) of the FLSA. 29 U.S.C. § 216(b). In connection with the acts and course of conduct alleged in this complaint, Thompson engaged in commerce or in the production of goods for commerce. Further, Defendant is an employer that engaged in commerce or in the production of goods for commerce and is, therefore, covered by the FLSA. Additionally, upon information and belief, Defendant had annual gross revenues or business done of at least $500,000 during the period of time for which Thompson seeks recovery of damages.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. THE PARTIES

7. Thompson was an employee employed by Defendants within the meaning of the FLSA. Thompson's consent to this action is attached hereto as Exhibit "A."

8. The class of similarly situated employees consists of all current and former employees of Defendants who were classified as independent contractors and worked in the position of "Field Craftsman" or other similar title and/or with similar duties, and who were not paid overtime for each hour those individuals worked in excess of 40 hours per work week. These similarly situated persons are referred to as "Members of the Class" or "the Class."

2

9. Defendant Home Front is a Texas limited liability company with an office in Fort Worth, Texas. Defendant is an "employer" under the FLSA and acted as such in relation to Thompson and the Members of the Class. Defendant Home Front may be served with process through its registered agent, Michael S. Hayworth, at 909 South Sylvania Avenue, Fort Worth, Texas 76111, or wherever he may be found.

10. Defendant M633ML is a Texas limited liability company with an office in Fort Worth, Texas. Defendant is an "employer" under the FLSA and acted as such in relation to Thompson and the Members of the Class. Defendant M633ML may be served with process through its registered agent, Northwest Registered Agents, LLC, at 5900 Balcones Drive, Suite 100, Austin, Texas 78731, or wherever the agent may be found.

11. Defendant Hayworth is a resident of Fort Worth, Tarrant County, Texas. In his capacity as President and owner of Home Front and M633ML, Hayworth acted either directly or indirectly in the interest of Home Front and M633ML in relation to Thompson and the Members of the Class. Further, Hayworth is an "employer" under the FLSA and acted as such in relation to Thompson and the Members of the Class. Hayworth may be served with process at his residence, at 1516 Holt Street, Fort Worth, Texas 76103, or at his regular place of business, at 909 South Sylvania Avenue, Fort Worth, Texas 76111, or wherever he may be found.

### IV. FACTS UNDERLYING THE CLAIMS

12. Thompson began working for Defendants Home Front and Hayworth in or about June 2016 in the position of Senior Project Leader, which is a type of Field Craftsman. In his position, Thompson was primarily responsible for performing kitchen and bathroom remodels in homes in the greater Dallas-Fort Worth area. Thompson's remodeling duties primarily included conducting demolition and build back, installing drywall and tile, painting, and light plumbing and electrical work based on a detailed scope of work provided to him by Defendants. Thompson's primary duties were, at all times, those of a non-exempt employee under the FLSA, and not those of an independent contractor.

13. Prior to Thompson beginning a new project, Defendants would deal directly with customers in determining the scope of work to be done, the cost of the job, the materials to be

3

used, and the deadline by which the work was to be completed. Thompson had no involvement or input into these aspects of any project.

14. Defendants supplied Thompson with the tools and materials he used in the performance of his duties. On those rare occasions in which Thompson purchased supplies for a project, Defendants reimbursed Thompson for such purchases. Defendants also organized training sessions with representatives of different products that were used on jobs to ensure proper installation of those products by Thompson. Defendants set Thompson's compensation; there was no bidding or negotiation between Thompson and Defendants on Thompson's rate of pay, nor did Thompson submit invoices to Defendants for the work he performed.

15. Defendants held out Thompson to the public as their employee by providing Thompson with Home Front business cards, as well as Home Front t-shirts, hoodies, and ball caps, which Thompson wore while performing work for Defendants. Defendants further marketed and continue to market Home Front on Home Front's website as follows:

> Home Front is a unique remodeling company – we're not '2 guys in a truck' nor do we rely on crews of unvetted subcontractors. Our employees work full-time for us, which allows us to control the quality of work.[1]

> and

> Home Front was founded in the spring of 2011 by Michael Hayworth with one field lead. In the years since, we've grown to 20+ full-time craftsmen and a full office staff, all committed to delivering excellent work.[2]

16. In or about December 2019, Hayworth informed Thompson and the Members of the Class that based on advice from Home Front's lawyer and insurance company, changes were being made to Home Front's corporate structure. Specifically, Hayworth conveyed that effective as of the first paycheck in 2020, Thompson and the Members of the Class would be getting paid from M633ML, instead of Home Front. As a result, Thompson and the Members of the Class became employees of M633ML in January 2020. Additionally, in January 2020, Defendants

---

[1] See https://homefrontdfw.com/
[2] See https://homefrontdfw.com/who-we-are/

4

required Thompson and the Members of the Class to execute Independent Contractor Agreements in order to receive their paychecks.  Thompson signed such an Independent Contractor Agreement despite the fact that he did not agree with the terms of the agreement, chief among them that he was an independent contractor or performed the duties of an independent contractor.

17. Notwithstanding the fact that Thompson performed the duties of a non-exempt employee under the FLSA, as opposed to those of an independent contractor, and despite the fact that Thompson worked in excess of 40 hours during most work weeks,[3] Defendants did not pay Thompson overtime compensation for those hours he worked in excess of 40 in a work week. Instead, Defendants paid Thompson straight-time pay for all hours he worked.  Because Thompson was a non-exempt employee—not an independent contractor—Defendants were required to pay him at one and one-half (1 ½) times his regular hourly rate for those hours he worked in excess of 40 hours in a single work week.  29 U.S.C. § 207(a).  Because Defendants misclassified Thompson as an independent contractor, and because Thompson was entitled to be paid for all hours he worked in excess of 40 in a work week, Defendants' practice of failing to pay Thompson overtime for those hours was a clear violation of the FLSA.

18. Defendants' illegal pattern and practice with respect to improperly classifying and paying Thompson all overtime compensation to which he was entitled was in violation of the FLSA.  Defendants knew or should have known that their policies and practices violated the FLSA, yet Defendants did not make a good faith effort to comply with the FLSA.  Rather, Defendants knowingly, willfully, and/or with reckless disregard carried out their illegal pattern or practice regarding their failure to pay Thompson the proper amount of overtime compensation.  Further, as set forth below, other individuals employed by Defendants as Field Craftsmen (or with similar titles and/or duties) are/were misclassified as independent contractors and not paid the proper

---

[3] On average, Thompson estimates that he worked 50 hours each work week.  Upon information and belief, Defendants are in possession of documentation reflecting the exact hours Thompson recorded/worked, as well as the pay Thompson received for such work.

amount of overtime for each hour those employees work/worked in excess of 40 per work week, and they are/were subjected to the same wrongful policies, practices, and/or procedures.

19. On or about January 31, 2020, the undersigned counsel communicated with counsel for Defendants by telephone. During that phone call, the undersigned counsel conveyed that Defendants had misclassified Thompson as an independent contractor instead of an employee, and that as a result, Thompson was entitled to unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. Beginning approximately three (3) weeks later, Defendants failed and refused to schedule Thompson on any additional projects, notwithstanding Thompson's repeated requests to be placed on projects and for status updates as to when he would be placed on his next project. Thompson had never had that experience prior to lodging his complaint of misclassification and unpaid overtime compensation.

20. Additionally, on or about March 17, 2020, Home Front filed two separate lawsuits against Thompson in Justice Court in Tarrant County, Texas (in Precincts No. 3 and 6), claiming that Home Front was entitled to recover damages from Thompson for alleged negligence by Thompson on two (2) projects on which Thompson previously worked. One case alleges damages dating back to September 2018, while the other suit alleges damages from November/December 2019. At no time did any of Defendants demand payment from Thompson—their employee—for alleged negligence **until the month after** Thompson asserted an unpaid overtime claim against Defendants through his counsel. Defendants' actions in failing to schedule Thompson on subsequent projects and filing two (2) separate lawsuits against him constitute retaliation under the FLSA.

### V. COLLECTIVE ACTION ALLEGATIONS

21. Other persons employed by Defendant have been victimized by the foregoing patterns, practices, and/or policies, which are in violation of the FLSA. Thompson is aware that other individuals employed by Defendants as Field Craftsmen (or individuals in similar positions

6

and/or with the same or similar duties) are/were misclassified as independent contractors; work(ed) in excess of 40 hours in a work week; and are/were not paid one and one-half (1 ½) times their respective regular hourly rates for hours they work(ed) in excess of 40 hours in a work week. Defendants misclassified/misclassify as independent contractors and pays/paid all of their Field Craftsmen (or individuals in similar positions and/or with same or similar duties) the same way that they paid Thompson. As a result, all Field Craftsmen (or individuals in similar positions and/or with same or similar duties) are victims of Defendants' illegal practice. Thus, Thompson is aware that the illegal practices or policies imposed upon him have been imposed upon other Field Craftsmen (or individuals in similar positions and/or with same or similar duties) employed by Defendants.

22. Accordingly, Defendants' pattern or practice of misclassifying as independent contractors and failing to pay Field Craftsmen (or individuals in similar positions and/or with same or similar duties) one and one-half (1 ½) times their respective regular hourly rates for hours worked in excess of 40 in a work week is a generally applicable policy or practice and does not depend on the personal circumstances of the Members of the Class. Thus, Thompson's experience is typical of the experience of the Members of the Class.

23. All individuals employed by Defendants in the positions of Field Craftsmen (or individuals in similar positions and/or with same or similar duties) who were misclassified as independent contractors and not paid overtime for hours worked in excess of 40 hours in a work week are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore defined as:

> All current and former individuals who work or worked in the position of Field Craftsman (or individuals in similar positions and/or with same or similar duties) who are/were classified as independent contractors by one or more Defendants and who were not paid overtime compensation for hours worked in excess of 40 hours in a work week.

7

## VI. CAUSES OF ACTION
### A. FAILURE TO PAY OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

24.     Thompson incorporates herein all allegations contained in the preceding paragraphs.

25.     Defendants' practice of misclassifying individuals working in the position of Field Craftsman (or similar positions) as independent contractors instead of employees and failing to pay overtime for hours they worked in excess of 40 hours in a work week to Thompson and Members of the Class violates the FLSA.  29 C.F.R. § 778.207(b).  None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half (1 ½) times the regular rate at which its employees are employed for hours worked in excess of 40 hours in a work week are applicable to Defendants, Thompson, or Members of the Class.

26.     Thompson and all those similarly situated are entitled to recover their unpaid overtime wages, an amount equal to all their unpaid wages as liquidated damages, payroll taxes for which Defendants were responsible to pay the government but did not because they misclassified Thompson and Members of the Class as independent contractors, as well as reasonable attorneys' fees and costs of this action.

### B. RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

27.     Thompson incorporates herein all allegations contained in the preceding paragraphs.

28.     Employers are prohibited from discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding.  29 U.S.C. § 215(a)(3).  Here, Defendants effectively discharged or otherwise discriminated against Thompson after he complained—through his counsel—about his

misclassification as an independent contractor and his entitlement to damages when Defendants failed and refused to schedule Thompson on projects, and when Home Front filed two (2) separate lawsuits against Thompson.

29. As a result of Defendants' retaliation against Thompson, Thompson is entitled to recover lost wages, an equal amount as liquidated damages, compensatory damages in the form of mental anguish and pain and suffering, attorneys' fees, and costs of this action.

## VII. JURY DEMAND

30. Thompson hereby demands a trial by jury.

## VIII. PRAYER

31. WHEREFORE, Plaintiff Seth Thompson respectfully requests that judgment be entered in his favor on his unpaid overtime claim under the FLSA, awarding him and all similarly situated individuals:

   a. An order allowing this action to proceed as a representative collective action under the FLSA;

   b. overtime wages for all hours worked in excess of 40 hours in a work week at the rate of one and one-half (1 ½) times their respective regular hourly rates;

   c. an equal amount as liquidated damages as allowed under the FLSA;

   d. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA, including all fees necessary in the event of an appeal of this cause to the United States Fifth Circuit Court of Appeals and the Supreme Court of the United States, as this Court deems equitable and just;

   e. post-judgment interest at the highest legal rate; and

   f. such other and further relief as may be required at law or in equity.

Additionally, Plaintiff Seth Thompson respectfully requests that judgment be entered in his favor on his retaliation claim under the FLSA, awarding him:

   a. Lost wages;

   b. an equal amount as liquidated damages as allowed under the FLSA;

  c.  compensatory damages in the form of mental anguish and pain and suffering;

  d.  reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA, including all fees necessary in the event of an appeal of this cause to the United States Fifth Circuit Court of Appeals and the Supreme Court of the United States, as this Court deems equitable and just;

  e.  post-judgment interest at the highest legal rate; and

  f.  such other and further relief as may be required at law or in equity.

Respectfully submitted,

**KILGORE & KILGORE PLLC**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
djs@kilgorelaw.com
Kilgore Law Center
3109 Carlisle Street
Dallas, Texas 75204-1194
Telephone: (214) 969-9099
Facsimile: (214) 379-0843

**ATTORNEYS FOR PLAINTIFF SETH THOMPSON AND THE MEMBERS OF THE CLASS**